UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

KIBBLE, KENNETH (L4SSN: 5085),  * Chapter 13
Debtor (s)  * Case No. 14-40718

## CHAPTER 13 PLAN

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the trustee the sum **of $210.00 monthly**.
2. From the payments so received, the trustee shall make disbursements as follows:
(a) The trustee percentage fee as set by the United States Trustee.
(b) The monthly payments will be made on the following **LONG-TERM DEBTS:** (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT |
|---|---|---|
|  |  |  |

(c) Preconfirmation **ADEQUATE PROTECTION** payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
|  |  |

(d) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred **WITHIN 910 DAYS** of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred **within one year** of filing. See § 1325(a)

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
|  |  |  |  |  |

Z:\BNK-PLANS++\Kibble,Kenneth.ch13pln.wpd

(e) After confirmation, **SECURED CREDITORS** with allowed claims will be paid as follows:

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| Title Pawn | $4,300.00 | $5,462.00 | 4.25% | '03 F150(157M+) | $90.00 |

(f) *Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) at $175/hour to be paid as follows: Pursuant to the Administrative Order of January 20, 2011.

(g) After the above are paid, distributions will be made to **CURE ARREARAGES** and other secured debts whose claims are duly proven and allowed as follows

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | ESTIMATED PAYMENT |
|---|---|---|---|---|---|
| Wells Fargo | $2,900.00 | N/A | 4.25% | Mtg. Arr. | $62.00 |

(h) The following collateral is **SURRENDERED** to the creditor:
NAME OF CREDITOR             DESCRIPTION OF COLLATERAL

(i) The following **DOMESTIC SUPPORT** obligations will be paid over the life of the plan (unless otherwise specified below). Arrearages made through the Trustee will be made simultaneously with payment of the secured debt to the extent funds are available at 0% interest. If Debtor's child support obligation for current support is proposed to be paid outside of the terms of this Plan, through a child support agency, said agency is authorized to utilize any mechanism authorized by law, including, but not limited to, those mechanisms detailed in 11 U.S.C. § 362(b)(2) to collect or to review and modify any child support obligation.
NAME OF CREDITOR                                                          CURRENT PAYMENT
_____([son/daughter], age _____)      $_____/month

(j) The following claims are **CLASSIFIED** to be paid at 100%, unless otherwise specified below. These payments will not be made simultaneously with payment of the secured debt: **Any and all joint debts with spouse/Sonya Kibble, including but not limited to the rental property at 5841 Fellow Street, Columbus to Wells Fargo.**

(k) All other 11 U.S.C. § 507 **PRIORITY** claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law. {$_____ to IRS @ $_____/month} {$_____ to GA Rev @ $_____/month}.

(l) The debtor(s) will be the **DISBURSING** agent on the following debts: **(1) Debtor's daughter/Kenesha Kibble (age 23) drives and pays for 2006 Kia to Kinetic FCU. (2) Mortgage payments to Wells Fargo beginning August 2014.**

(m) Special provisions:(1) "Long Term" debt shown in paragraph 2(b) and debts shown in paragraph 2(l) above shall retain the lien securing such claim until the completion of the payment of the underlying debt as determined under non bankruptcy law. Any other allowed secured claim provided for by this plan shall retain the lien securing such claim: However, within thirty (30) days of either; (a)completion of the payment of the underlying debt as determined under nonbankruptcy law, or (b)discharge from bankruptcy {whichever shall occur first}, the holder of such claim shall release its lien and return any title documents to the owner as listed on the Certificate of Title (unless there is a joint "Owner" on the Certificate of Title who is not protected under the bankruptcy) with the lien satisfied. {Including, any secured debt on any vehicle or mobile home.}
  (2) Collateral being paid for by the debtor does not revest upon confirmation.
  (3) Debtor will not protect any CO-SIGNERS on any debts unless otherwise specified above.

 (4) To the extent allowed under 11 USC §522(f), upon discharge, all non-possessory liens and/or judicial liens {except those for domestic support obligations under 11 USC §523(a)(5)} will be avoided, and all Creditors shall cancel said lien(s) of record within fifteen (15) days of notice of discharge. These Creditors shall include, but are not limited to the following:
  **JUDGMENTS:** _____
  **NPHGS:** _____
 (5) No student loans will be paid through the bankruptcy unless otherwise specified herein.
 (6) PAYROLL DEDUCTION has already been requested from: Department of Defense.
 (7) Debtor proposes to reject the following executory contract(s): _____.
 (8) Debtor proposes to assume the following executory contract(s): _____.

(n) Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtors will pay the highest of the three)
 (i) Debtor will pay all of his disposable income as shown on Form B22C of $0.00 to the non priority unsecured creditors in order to be eligible for a discharge. {cmi}

 (ii) If the debtor filed a Chapter 7 case, the unsecured creditors would receive $0.00. Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge. {unex}{equ rental house}

 (iii) The debtor will pay $0.00 to the general unsecured creditors to be distributed prorata. {lux/inc/stu/other}{\_\_\_\_}
(o) General unsecured creditors whose claims are duly proven and allowed will be paid (choose one only)

 (i) $0.00 as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii) or (n)(iii), and the debtor pays in at least 36 monthly payments to be eligible for discharge.

 (ii) The debtor(s) will make payments for [\_\_\_\_] months and anticipates a dividend of $0.00 , but will also exceed the highest amount shown in paragraph (n)(i), (n)(ii) or (n)(iii) above.

(p) Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtor, remains property of the estate subject to court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in paragraph (m) above. Property of the estate not paid to the trustee shall remain in the possession of the debtor. All property in the possession and control of the debtor shall be insured by the debtor. The chapter 13 Trustee will not and is not required to insure assets and has no liability for injury to any person, damage or loss to any property in possession and control of the debtor or other property affected by property in possession and control of the debtor.

(q) Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference action will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan.

BNK-ALL CREDITORS CERTIFICATE OF SERVICE: This is to certify that I have this day served all creditors, the standing Trustee, and the U.S. Trustee, as more specifically shown on the attached list of creditors, with a copy of the foregoing matters by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon by hand-delivery or by electronic notice.

Date 8-15-14

                        /s/ Charles R. Hunt, Atty for Debtor

DOCUMENT PREP. BY: CHARLES R. "CHAD" HUNT ❖ STATE BAR GA. 0378493 ❖ 112 EAST LEE STREET ❖ DAWSON, GEORGIA 39842☎ Fax Available on Request  PH.(229)995-4868
E-mail: chadhuntlaw@gmail.com
END OF DOCUMENT

Z:\BNK-PLANS++\Kibble,Kenneth.ch13pln.wpd

AMEX
PO BOX 297871
FORT LAUDERDALE FL 33329

CHAPTER 13 TRUSTEE
PO BOX 1907
COLUMBUS GA 31902

CHASE
PO BOX 15298
WILMINGTON DE 19850

COLUMBUS CARDIOLOGY ASSOCIATES
2525 WILLIAMS RD
COLUMBUS GA 31909-5601

DELAYCEE ROWLAND
SHAPIRO, SWERTFEGER & HASTY LLP
2872 WOODCOCK BLVD SUITE 100
ATLANTA GA 30341-3941

EXCHANGE CREDIT PROGRAM
PO BOX 650410
DALLAS TX 75265-0410

GA DEPARTMENT OF REVENUE
1800 CENTURY BLVD NE
ATLANTA GA 30345-3205

IRS
PO BOX 7346
PHILADELPHIA PA 19101-7346

KENNETH KIBBLE
95 SPRING HILL DRIVE
ELLERSLIE GA 31807

KINETIC FEDERAL CR UNION
1251 13TH ST
COLUMBUS GA 31901

MILITARY STAR CARD
3911 S WALTON WALKER BLVD
DALLAS TX 75236

SONYA KIBBLE
95 SPRING HILL DRIVE
ELLERSLIE GA 31807

ST. FRANCIS HOSPITAL
PO BOX 84022
COLUMBUS GA 31908

THE MEDICAL CENTER
PO BOX 1040
COLUMBUS GA 31902

TITLEMAX
CORPORATE OFFICE
15 BULL STREET SUITE 200
SAVANNAH GA 31401

TITLEMAX OF ALABAMA
1414 14TH STREET
PHENIX CITY AL 36867

U.S. TRUSTEE
440 MARTIN LUTHER KING JR BLVD
SUITE 302
MACON GA 31201

UNITED STATES ATTORNEY GENERAL
950 PENNSLYVANIA AVE NW
WASHINGTON DC 20530-0001

UNITED STATES ATTORNEYS OFFICE
PO BOX 1702
MACON GA 31202

WELLS FARGO HOME MORTGAGE
PO BOX 10335
DES MOINES IA 50306